**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4057**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

       v.

RICARDO BETANCOURT FAVELA,

       Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, Senior District Judge.  (3:16-cr-00349-CMC-1)

Submitted:  September 26, 2017               Decided:  October 4, 2017

Before MOTZ, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeremy A. Thompson, LAW OFFICE OF JEREMY A. THOMPSON, LLC, Columbia, South Carolina, for Appellant. Beth Drake, Acting United States Attorney, J.D. Rowell, Assistant United States Attorney, Columbia, South Carolina; Kenneth A. Blanco, Acting Assistant Attorney General, Trevor N. McFadden, Acting Principal Deputy Assistant Attorney General, Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricardo Betancourt Favela appeals his convictions following a jury trial for two counts of aggravated sexual abuse and one count of abusive sexual contact, all involving a child under 12 years of age, in violation of 18 U.S.C. §§ 7, 2241(c), 2244(a)(5), 2246(2), (3) (2012). On appeal, Favela argues that the district court erred in denying his motion to suppress the statements he made during an interview with agents from the Federal Bureau of Investigation ("FBI") and in admitting into evidence the victim's forensic interview. We affirm.

First, Favela argues that the district court erred in admitting statements he made during his interview with the FBI because he was in custody when he gave incriminating statements and had not been given a *Miranda*[1] warning at the time he made the statements. "In reviewing a district court's ruling on a motion to suppress, [we] review[] conclusions of law de novo and underlying factual findings for clear error." *United States v. Clarke*, 842 F.3d 288, 293 (4th Cir. 2016) (internal quotation marks omitted). "Because the district court denied Defendant's motion to suppress, we construe the evidence in the light most favorable to the government." *Id.* (internal quotation marks omitted).

"[L]aw enforcement [must] inform individuals who are in custody of their Fifth Amendment rights prior to interrogation. . . . Without a *Miranda* warning, evidence obtained from the interrogation is generally inadmissible." *United States v. Hashime*,

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

734 F.3d 278, 282 (4th Cir. 2013). "When deciding whether a defendant not under formal arrest was in custody[,] . . . a court asks whether, under the totality of the circumstances, a suspect's freedom of action [was] curtailed to a degree associated with formal arrest." *Id.* (internal quotation marks omitted); *see id.* at 283 (discussing factors courts consider).

The totality of the circumstances demonstrated that Favela was not in custody when the FBI questioned him and, therefore, that the agents were not required to provide a *Miranda* warning. Although Favela asserts that, like the defendant in *Hashime*, he was in custody, the coercive factors that have led us to determine that an individual is "in custody" were not present during Favela's questioning. We therefore conclude that the district court did not err in denying the motion to suppress.

Favela also argues that the district court erred in admitting into evidence a recording of the victim's forensic interview. Specifically, Favela contends that he did not open the door to its admission by suggesting any recent fabrication in the victim's testimony and that the interview is not the most probative evidence as required under Fed. R. Evid. 807. "We review evidentiary rulings for an abuse of discretion, affording substantial deference to the district court." *United States v. White*, 810 F.3d 212, 227 (4th Cir.), *cert. denied*, 136 S. Ct. 1833 (2016).

Although prior consistent statements of witnesses generally are inadmissible, "under [Fed. R. Evid.] 801(d)(1)(B) . . . , a prior consistent statement of a person who has testified and been subject to cross-examination is not hearsay and is admissible when the statement is offered to rebut an express or implied charge against [her] of recent

3

fabrication, improper influence or motive." *United States v. Hedgepeth*, 418 F.3d 411, 422 (4th Cir. 2005) (internal quotation marks omitted). Under that rule, "the consistent statements must have been made before the alleged influence, or motive to fabricate, arose." *Tome v. United States*, 513 U.S. 150, 158 (1995). We conclude that the requirements for admission were present here and that the district court thus did not abuse its discretion in admitting the victim's forensic interview.[2]

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Because we conclude that the victim's forensic interview was admissible pursuant to Rule 801(d)(1)(B), it is not necessary to evaluate its admissibility under Rule 807.

4